IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

      Plaintiff,                        No. CIV S-09-2602 GGH P

   vs.

MENDOZA, et al.,

      Defendants.            ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).[1] Accordingly, the request to proceed in forma pauperis will be granted, and

---

[1] The court takes judicial notice of the in forma pauperis application that he filed in another of his cases, CIV-S09-2462 DAD P, on the same day, January 7, 2010, as the incomplete one that he filed in this case to determine that he has finally (following an order to pay the fee or make the required showing and another order in the form of an extension of time to do so in the instant case) made the requisite showing to proceed herein. (Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)).

plaintiff's motion for a second extension of time to file an in forma pauperis affidavit is denied as moot.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $4.17 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

"The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The complaint states a colorable claim for relief against defendants Mendoza, Brown, Baumberger, Paul, Leese, Formasi, Northener, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), to the extent that he claims these individuals violated his Eighth Amendment rights by refusing his requests to be allowed to clean himself and finish decontaminating himself after having been sprayed with o.c. spray by denying him access to a shower for eight or more days, during the period of time from May 4, 2005, until May 14, 2005.

Plaintiff's other claims, however, appear more tenuous. In the first instance, it is unclear whether plaintiff intends to implicate any defendant by the manner of a cell extraction to which he was subjected during which he was pepper-sprayed. If so, plaintiff has failed to frame any such claim; rather, his focus appears to be on having been placed in administrative segregation and, in addition to being denied access to a shower, having been denied any time outside his cell for the period of time from May 4, 2005, until May 14, 2005, as well as access to television or radio for that limited period. These claims do not rise to the level of an Eighth

1  Amendment violation.

2 Although a temporary denial of exercise does not per se constitute an Eighth
3 Amendment violation, denial of all outdoor exercise for an extended period may. May v.
4 Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (temporary deprivation of 21 days without outdoor
5 exercise with no medical effects not a substantial deprivation); Hayward v. Procunier, 629 F.2d
6 599, 603 (9th Cir. 1980) (30-day emergency lockdown period was an unusual circumstance
7 justifying denial of outdoor exercise); see also LeMaire v. Maass, 12 F.3d 1444, 1457-1458 (9th
8 Cir. 1993) (while exercise is "one of the basic human necessities protected by the Eighth
9 Amendment," where restriction from outdoor exercise arose from inmate's abuse of the privilege
10 and posing a security risk, plaintiff's Eighth Amendment claim for deprivation thereof failed);
11 but see, Spain v. Procunier, supra, 600 F.2d at 199-200 (9th Cir. 1979). The Ninth Circuit has
12 clarified the elements necessary to state a deprivation outdoor or physical exercise that would rise
13 to the level of an Eighth Amendment violation:

> An Eighth Amendment claim that a prison official has deprived
> inmates of humane conditions must meet two requirements, one
> objective and one subjective. Allen v. Sakai, 48 F.3d 1082, 1087
> (9th Cir.1995). "Under the objective requirement, the prison
> official's acts or omissions must deprive an inmate of the minimal
> civilized measure of life's necessities. The subjective requirement,
> relating to the defendant's state of mind, requires deliberate
> indifference." Id. (citations omitted).

Lopez v. Smith, 203 F.3d 1122, 1132-1133 (9th Cir. 2000).

In Lopez, the Ninth Circuit found that plaintiff's claim that he was denied all outdoor exercise for six and a half weeks met the objective requirement for an Eighth Amendment claim. 1132-1133. The Lopez court noted that:

> The clear implication of May is that temporary denials of outdoor
> exercise must have adverse medical effects to meet the Eighth
> Amendment test, while long-term deprivations are substantial
> regardless of effects.

Lopez v. Smith, 203 F.3d at 1133 n. 15 (see May v. Baldwin, supra).

4

Plaintiff has not set forth adverse medical effects which he suffered as a result of being deprived of outdoor and/or physical exercise for the relatively limited period at issue, a period of approximately ten or eleven days at most. Nor does he clarify specifically which defendants were responsible for the deprivation of outdoor exercise. Plaintiff's claims regarding the denial of outdoor exercise for a relatively limited period will be dismissed but plaintiff will be granted leave to amend.

With regard to being deprived for a few days of access to a television or radio, plaintiff does not approach implicating a constitutional deprivation and these claims will be dismissed. Nor does plaintiff sufficiently link defendants Hamilton, Ramirez and Hurtado to any colorable allegations. These defendants will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's request to proceed in forma pauperis is granted;

    2. Plaintiff's motion for a second extension of time to file the appropriate in forma pauperis application/affidavit, filed on January 6, 2010 (docket # 6), is denied as moot.

    3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 4.17. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    4. Plaintiff's claims regarding denial of outdoor or physical exercise and of access to a television or radio for the period of May 4, 2005, until May 14, 2005, are dismissed for the reasons discussed above, as are any claims against defendants Hamilton, Ramirez and Hurtado, with leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

    5. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: March 2, 2010

                /s/ Gregory G. Hollows

                GREGORY G. HOLLOWS
                UNITED STATES MAGISTRATE JUDGE

GGH:009
beny2602.b1