IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

     Plaintiff,                         No. CIV S-09-2602 LKK GGH P

    vs.

MENDOZA, et al.,

     Defendants.          <u>ORDER</u>

         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This order concerns the magistrate judge's findings and recommendations filed on June 2, 2010 (Dkt. No. 16).  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de</u> <u>novo</u> review of this case.

         Plaintiff's complaint names ten defendants, all corrections officers, and alleges various theories of liability relating to a period of time from May 4, 2005 to May 14, 2005.  Plaintiff alleges that he was sprayed with "o.c. spray," after which defendants denied plaintiff with access to a shower or other means to decontaminate himself for this period.  Plaintiff further alleges that during this period he was deprived of time outside his cell, including time for

exercise, and of access to a television or radio. Although plaintiff's complaint further refers to a cell extraction, plaintiff does not appear to bring a claim based on the extraction itself.

In an order filed March 2, 2010, the magistrate judge granted plaintiff in forma pauperis status. In the course of so doing, the magistrate judge screened plaintiff's complaint. The magistrate judge concluded that plaintiff had stated a colorable claim regarding denial of plaintiff's requests to clean himself after being sprayed with o.c. spray. The magistrate judge concluded that plaintiff had alleged the involvement of seven defendants in this denial: defendants Mendoza, Brown, Baumberger, Paul, Leese, Formasi, and Northener. The magistrate judge concluded that plaintiff's allegations regarding denial of time outside his cell, denial of outdoor exercise, and denial of access to television and radio did not allege conduct rising to the level of an Eighth Amendment violation. Finally, the magistrate judge concluded that the complaint did not link the remaining three defendants, Hamilton, Ramirez and Hurtado, to any the surviving claim regarding access to a shower or to any other colorable claim. The magistrate judge therefore dismissed these three defendants, as well as the claims regarding denial of outdoor or physical exercise and of access to a television or radio, with leave to file an amended complaint within twenty-eight days of service of the March 2 order.

That time period elapsed, and plaintiff did not file an amended complaint. On June 2, 2010, the magistrate judge filed an order finding that service was appropriate on defendants Mendoza, Brown, Baumberger, Paul, Leese, Formasi, and Northener regarding plaintiff's claim about access to a shower. Also on June 2, 2010, the magistrate judge filed the findings and recommendations at issue here, recommending dismissal of Hamilton, Ramirez and Hurtado and the claims previously found to be inadequate. These recommendations were served on plaintiff and contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed timely objections to the findings and recommendations.

Plaintiff objects solely to the dismissal of defendants Hamilton, Ramirez and

1  Hurtado.  His objections state that these defendants also participated in the conduct underlying
2  plaintiff's surviving claim, in that they knew about plaintiff's situation yet personally refused to
3  allow plaintiff to shower.  Plaintiff was previously instructed to file an amended complaint
4  explaining these officers' roles in the surviving claim, yet plaintiff failed to do so.  Nonetheless,
5  in light of plaintiff's pro se status, the court will grant plaintiff another chance to file an amended
6  complaint.

7       As previously explained by the magistrate judge, the amended complaint must be
8  complete in itself without reference to any prior pleading. See Local Rule 220.  Once plaintiff
9  files an amended complaint, the original pleading no longer serves any function in the case.
10 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
11 of each defendant must be sufficiently alleged.  Thus, the amended complaint must repeat the
12 allegations underlying plaintiff's claim that defendants below violated his Eighth Amendment
13 rights by refusing his requests to be allowed to clean himself and finish decontaminating himself
14 after having been sprayed with o.c. spray by denying him access to a shower for eight or more
15 days, during the period of time from May 4, 2005, until May 14, 2005, and the amended
16 complaint must allege in specific terms how each named defendant is involved.

17       Accordingly, IT IS HEREBY ORDERED that:

18       1. Plaintiff's claims regarding denial of outdoor or physical exercise and of access
19 to a television or radio for the period of May 4, 2005, until May 14, 2005 are dismissed.

20       2. Plaintiff's claims against defendants Hamilton, Ramirez and Hurtado, are
21 dismissed, because the current complaint (as opposed to plaintiff's opposition to the findings and
22 recommendations) does not allege how these defendants were involved in the acts underlying
23 plaintiff's surviving claim.  Plaintiff is again granted leave to file an amended complaint, as
24 explained above.  Such a complaint must be filed within twenty-eight days of the date of this
25 order.
26 ///

3. Thus, the court adopts the findings and recommendations filed on June 2, 2010 (Dkt. No. 16), except that the court further grants leave to file an amended complaint.

DATED: July 1, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4