IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

        Plaintiff,                    No. CIV S-09-2602 LKK GGH P

     vs.

MENDOZA, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 2, 2010 (docket # 8), certain claims and defendants were dismissed from plaintiff's complaint with leave granted for plaintiff to file an amended complaint. When it appeared that plaintiff had elected not to file an amended complaint, the undersigned filed an order, on June 2, 2010 (docket # 17), directing that plaintiff be sent seven USM-285 forms to return with respect to those individuals against whom the court had found that plaintiff had framed cognizable claims. In addition, the court filed findings and recommendations, also on June 2, 2010 (docket # 16), recommending dismissal of some claims and three defendants from the complaint.

        Thereafter, when plaintiff filed objections, Senior District Judge Karlton granted plaintiff another opportunity, in view of his pro se status, to seek to amend his complaint so that

his claims against Hamilton, Ramirez and Hurtado might proceed, but it was again explained that in any amended complaint, the filing must be complete within itself without reference to a prior pleading, referencing Local Rule 220. See Order, filed on July 2, 2010 (docket # 20). Notwithstanding, the court adopted the findings and recommendations, filed on June 2, 2010, and dismissed the three defendants, Hamilton, Ramirez and Hurtado, but, as noted, granted plaintiff a further opportunity to amend (within twenty-eight days). See id.

Thereafter, plaintiff filed a motion for reconsideration and a stay. See Motion, filed on July 15, 2010 (docket # 21). The motion for reconsideration was filed regarding an order, filed on June 25, 2010 (docket # 19), denying a prior reconsideration motion as untimely (wherein plaintiff sought reconsideration of an order of the undersigned, filed on April 19, 2010 (docket # 13), denying his request for appointment of counsel). Plaintiff alternatively sought a stay of the proceedings until he was no longer involuntarily medicated. He subsequently filed, on July 23, 2010 (docket # 22), an amended complaint.

Thereafter, an order was filed on July 27, 2010 (docket # 23), wherein Judge Karlton stated that the April 19, 2010, order had been reviewed on the merits, based on plaintiff's assertion that his prior motion had been timely, nevertheless affirming the order of the undersigned, denying plaintiff's request for appointment of counsel. See Order, filed on July 27, 2010 (docket # 23). However, plaintiff was granted a limited stay of ninety days on the basis of his being involuntarily medicated. See id. Plaintiff is informed therein that at the end of the ninety-day period, he is to inform the court of whether he is still being medicated and whether he wishes to prolong the stay. Id. The court specifically noted in the order, filed on July 2, 2010, that plaintiff had been granted twenty-eight days to file an amended complaint and made clear that that period (for filing an amended complaint) was being extended for ninety days. Thus, with that order, no amended complaint was due until ninety days beyond July 27, 2010. Therefore, the time for filing any amended complaint has been extended until October 25, 2010. Obviously, the amended complaint plaintiff filed on July 23, 2010 (July 20, 2010, by application

of the mailbox rule[1]) was filed prior to the issuance of the order granting a limited stay and extension of time for filing an amended complaint. However, as no further communication has been forthcoming from plaintiff, it is unclear whether he wishes to proceed on the pending amended complaint or intends to file another incarnation of an amended complaint on or before October 25, 2010, in reliance on the stay order. Plaintiff may be intending to file another amended complaint that would supersede the pending amended complaint based on the stay and extension he has been granted. However, the undersigned will use his best judgment, lift the stay, and proceed to screen the amended complaint because the court has no information as to whether plaintiff wishes it to be disregarded and he may be seeking to proceed on this version of the amended complaint notwithstanding the stay order.

As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) to the extent that he claims that defendants Correctional Officer (C/O) Mendoza, C/O Brown, C/O Baumberger, C/O Paul, C/O Ramirez, C/O Hurtado, Corr. Sergeant S. Leese , C/O Formasi, C/O M. Northerner, violated his Eighth Amendment rights by refusing his requests to be allowed to clean himself and finish decontaminating himself after having been sprayed with o.c. spray by denying him access to a shower for approximately ten days, during the period of time from May 4, 2005, until May 14, 2005.  The court will also find plaintiff's claim colorable at this time against defendants Mendoza, Brown, Baumberger, Paul that he was kept in his Administrative Segregation (Ad Seg) cell throughout this period twenty-four hours a day based on plaintiff's claim that he has claustrophobia, which he identifies

1 as a neurological disorder which comes within the protection of the Americans with Disabilities
2 Act (ADA), and not allowed either yard or even one hour out of his cell.[2]

3 However, plaintiff has failed to sufficiently link defendant Hamilton to a colorable
4 allegation. He simply appears to be naming him as one of the many defendants who placed him
5 in Ad Seg. Amended Complaint (AC), p. 4.[3] Nor is it enough for plaintiff just to say that all
6 named defendants deprived of him any constitutional right; at a minimum, he must specifically
7 name each defendant he seeks to implicate for each deprivation. Amended Complaint (AC), pp.
8 5-6. Further, plaintiff has not clarified whether he is seeking to put at issue the cell extraction
9 itself, which occurred on May 5, 2005, wherein he was allegedly battered and sprayed with
10 pepper spray, which led to his Ad Seg placement, the conditions of which he focuses on within
11 his complaint. Amended Complaint, p. 4. It may be that plaintiff has already challenged the
12 manner of the cell extraction within one of the numerous cases he listed as prior litigation within
13 his original and amended complaints and that any such claim could be duplicative or res judicata.
14 In his objections of June 10, 2010, plaintiff clearly avers that his complaint has to do with not
15 being allowed shower or other adequate water access for the period of time at issue, but plaintiff
16 may be seeking to expand his claims, which he may do, but only if he has not proceeded on such
17 claims in a prior case and only if he frames such claims adequately. If plaintiff intends to
18 implicate the defendants for the cell extraction itself, he must do so by clearly stating which

---

[2] The court had earlier stated that by simply alleging that he had been subjected to a temporary denial of exercise without setting forth adverse medical effects, plaintiff did not frame an Eighth Amendment claim. See Order, filed on March 2, 2010, pp. 3-5, with citations. Oddly, plaintiff persists in seeking to frame a deprivation of exercise claim even though in his June 10, 2010, objections (docket # 18), he specifically stated that he agreed with the findings and recommendations that the lack of exercise be removed from the complaint as the complaint only concerned not being allowed to shower with very limited access to any water for "12 days straight." Docket # 18, p. 1.

The undersigned is also aware of the potential for litigation manipulation here – a prisoner, who does not like the cramped quarters in prison claims he cannot be incarcerated, at least in segregation, due to claustrophobia; but the claim cannot be dismissed on the complaint itself.

[3] The court's electronic pagination is referenced.

1  defendants were involved in the cell extraction and how each deprived him of his Eighth
2  Amendment rights in removing him from the cell.
3         To the extent that plaintiff states that his Ad Seg placement was "retaliation for
4  my cell extraction (AC, pp. 6)," he has failed to identify the protected conduct in which he was
5  engaged when he was extracted from his cell and placed in Ad Seg.  In order to state a retaliation
6  claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected
7  conduct was the "substantial" or "motivating" factor behind the defendant's conduct.  See
8  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  The plaintiff must also
9  plead facts which suggest an absence of legitimate correctional goals for the conduct he contends
10 was retaliatory.  Pratt at 806 (citing Rizzo at 532).  Verbal harassment alone is insufficient to
11 state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even
12 threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the
13 equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere
14 conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts
15 showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier v.
16 Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).  Any claim for retaliation will be dismissed
17 with leave to amend.
18        Moreover, plaintiff has previously been informed that denial of access to
19 television or radio (AC, p. 6) for a few days does not form the basis for an Eighth Amendment
20 claim.  See Order, filed on March 2, 2010, p. 5.  These claims will again be dismissed.
21        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
22 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
23 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
24 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
25 there is some affirmative link or connection between a defendant's actions and the claimed
26 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

1  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
2  vague and conclusory allegations of official participation in civil rights violations are not
3  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
4       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
5  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
6  complaint be complete in itself without reference to any prior pleading.  This is because, as a
7  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
8  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
9  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
10 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
11      In accordance with the above, IT IS HEREBY ORDERED that:
12      1. The stay granted for purposes of filing an amended complaint is lifted in order
13 to screen the amended complaint filed prior to expiration of the stay;
14      2. Plaintiff's claims against defendant Hamilton are dismissed for the reasons
15 discussed above, along with any claim by plaintiff relating to a deprivation of exercise with
16 respect to defendants Ramirez, Hurtado, Leese, Formasi, Northerner, as well as any claim,
17 including both an Eighth Amendment cruel and unusual punishment claim and/or a First
18 Amendment retaliation claim, regarding the manner or basis for his cell extraction, along with
19 any claim of an Eighth Amendment violation for no access to television or radio for a few days,
20 with leave to file an (further) amended complaint by October 25, 2010, in accordance with the
21 Order, filed on July 27, 2010 (docket # 23).  Failure to file an amended complaint will result in a
22 recommendation that defendant Hamilton and the claims (as well as the claims as to certain
23 defendants identified above) be dismissed from this action.
24 \\\\\
25 \\\\\
26 \\\\\

1  3. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: September 28, 2010         /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
beny2602.ord