IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

    Plaintiff,                        No. CIV S-09-2602 LKK GGH P

    vs.

MENDOZA, et al.,                  ORDER &

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed September 28, 2010 (Docket # 24), the undersigned lifted the ninety-day stay imposed on July 27, 2010, in order to screen plaintiff's amended complaint, filed on July 23, 2010 (Docket # 22). The background leading to the imposition of the temporary stay by Senior District Judge Karlton on the basis of plaintiff's being involuntarily medicated was set forth in detail in the order at Docket #24 and will not be reiterated herein.

        In its September 28, 2010 order, the undersigned noted, inter alia, October 25, 2010, as the date of expiration of the limited stay and the deadline for filing an amended complaint. The undersigned also noted that plaintiff in the stay order was directed to inform the court of whether he is still being medicated and whether he wishes to prolong the stay. Id.

1

1  Because, however, plaintiff had filed an amended complaint on July 23, 2010 (July 20, 2010, by
2  application of the mailbox rule[1]), a filing noted as made prior to the issuance of the order
3  granting a limited stay and extension of time for filing an amended complaint, but had not
4  communicated further to the court, it was unclear whether plaintiff wished to proceed on the
5  pending amended complaint or intended to file another incarnation of an amended complaint on
6  or before October 25, 2010, in reliance on the stay order.  Therefore, the undersigned lifted the
7  stay to screen the then-pending amended complaint, found certain claims as to a number of
8  defendants colorable and dismissed other claims as well as one defendant altogether with further
9  leave to amend by October 25, 2010, in accordance with the stay order at Docket # 23.

10          Prior to the filing of the September 28, 2010 order, at least by application of the
11  mailbox rule, plaintiff filed a "motion to prolong stay."  See Docket # 25 (filed in this court's
12  docket on September 30, 2010, but signed by plaintiff on September 26, 2010).  This very limited
13  filing is evidently plaintiff's effort to respond to the stay order prior to the expiration of time that
14  he was therein given to inform the court as to whether he remained involuntarily medicated and
15  wished to prolong the stay on that basis.  In this half-page filing, plaintiff does not explicitly set
16  forth that he continues to be medicated involuntarily, instead referencing his prior request for a
17  stay and stating, dramatically but unspecifically, that he is a "tortured victim" still experiencing
18  the "same hardships."  Docket # 25.  On this sparse and wholly unsupported basis (i.e., no
19  affidavit or supporting exhibits), plaintiff seeks either a permanent or continued and very lengthy
20  stay.

21          Thereafter, by a filing on October 12, 2010, plaintiff obviously at this point in
22  receipt of the September 28, 2010 order, writes to disclaim all knowledge of the July 23, 2010,
23  amended complaint.  See Docket # 26.  Plaintiff avers, under penalty of perjury, not to have

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).  Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

2

signed any amended complaint, following the court's original screening order, filed on March 2, 2010 (Docket # 8). See Docket # 26, p. 2. He further asserts, inter alia, that he plans to amend his complaint and expressly states that he is still being subjected to forced medication. Id.

Although he may have forgotten it, since it preceded the stay order, it is evident that plaintiff's signature on the amended complaint, under penalty of perjury, dated July 20, 2010, matches that of his other filings. The court will direct a copy of this document be sent to plaintiff with this order. Furthermore, the court now takes judicial notice of other cases[2] plaintiff, CDC # V-21777, has pending in this division of this court:

Benyamini v. Forsthy, et al., Case No. CIV-S-09-2323 FCD DAD P, wherein the docket shows a first amended complaint, filed by plaintiff on September 30, 2010.

Benyamini v. Forsythe, et al., Case No. CIV-S-09-2453 EFB P, wherein plaintiff was denied a request for a stay, in a February 25, 2010 order; filed various motions in May and August of 2010, which were terminated by order filed on August 30, 2010; was granted a third request for an extension of time to file an amended complaint, but again denied any stay.

Benyamini v. Ogebeide, et al., Case No. CIV-S-10-0101 FCD GGH P, wherein plaintiff Benyamini, on September 22, 2009, filed a motion for a stay pending a putative interlocutory appeal he states that he has pending in the Ninth Circuit by a separate "petition."[3]

Benyamini v. Walker, Case No. CIV-S-10-0104 GEB KJM P, wherein as petitioner, this state prisoner filed an opposition, on July 7, 2010, to respondent's still pending June 29, 2010, motion to dismiss, as well as a proposed second amended petition on October 5,

\\\\\

---

[2] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[3] Plaintiff is evidently protesting the dismissal of two defendants in this civil rights action, while the undersigned has directed the U.S. Marshal, by order filed on September 29, 2010, to serve two other defendants, for which plaintiff had filed the required papers.

2010.[4]

Although plaintiff makes claim to a number of disabling conditions and apparently habitually seeks extensions of time and stays, which is unsurprising in light of his many on-going cases in this court alone, the undersigned finds that plaintiff has not made an adequate showing to warrant any re-imposition of a stay of this action based on an inability to litigate this action because of involuntary medication being imposed on him. Instead, should plaintiff fail to file an amended complaint as set forth in the original stay order, and reiterated in the order of September 28, 2010, this court will recommend that this action proceed pursuant to the order of September 28, 2010.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to provide plaintiff with a copy of the amended complaint, dated as filed in Docket # 22 on July 23, 2010.

IT IS RECOMMENDED that a stay not be re-imposed pursuant to plaintiff's filings of September 30, 2010 (Docket # 25) and October 12, 2010 (Docket # 26); that those requests be denied, and that this matter proceed pursuant to the order of the undersigned, filed on September 28, 2010 (Docket # 24).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Plaintiff is advised that failure to file objections within the specified

\\\\\
\\\\\
\\\\\

---

[4] In an exhibit to his opposition to the pending dismissal motion in Case No. CIV-S-10-0104 GEB KJM P, plaintiff noted in a February 13, 2009, letter to the Clerk of the Fresno Division of the Eastern District of California Court, that at that time he had four pending cases in that division (which would be, of course, additional to those cited above).

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 18, 2010               /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
beny2602.ofr