IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

        Plaintiff,                          No. CIV S-09-2602 LKK GGH P

    vs.

MENDOZA, et al.,

        Defendants.            ORDER

_____/

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances.[1] Plaintiff's motion for the appointment of

---

[1] One of the difficult aspects of "litigation by paper" consists of the court making judgments on allegations which at first blush appear histrionic. Plaintiff's latest request for counsel appears to fall into that category. Nevertheless, the undersigned must be careful lest a histrionic plaintiff has no access to the courts for serious and real violations of constitutional rights. Having reviewed the entire file, including the order which lists plaintiffs multitudinous civil actions, the undersigned makes the judgment that plaintiff's allegations here are hyperbole.

counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 4, 2011 motion for the appointment of counsel (Docket No. 36) is denied.

DATED: March 17, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mp
beny2602.31

2