IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

        Plaintiff,           No. CIV S-09-2602 LKK GGH P

    vs.

MENDOZA, et al.,

        Defendants.      ORDER

_____/

        Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By Order, filed on July 12, 2011, the undersigned observed following this court's June 1, 2011, order directing the U.S. Marshal to serve the complaint on defendants, process directed to Brown, Paul and Hurtado, was returned unserved due to a lack of sufficient identifying information. Therefore, the court directed plaintiff to provide additional information to serve these defendants by promptly seeking such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff. Plaintiff was also informed that if access to the required information were denied or unreasonably delayed, plaintiff might seek judicial intervention.

        Plaintiff returned the requisite documents and, by Order, filed on July 27, 2011, the court once again directed service upon these defendants. Thereafter, on August 5, 2011,

process was once again returned unserved for defendants Brown and Paul because neither was a known California Medical Facility employee.  The court will now require plaintiff to show cause why these defendants should not be dismissed.

In relevant part, Fed. R. Civ. 4(m) states:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The original complaint in this action was filed on September 17, 2009, and while 120 days have not yet passed since the June 1, 2011, order, directing service of the amended complaint, plaintiff has generally been dilatory with respect to prosecuting this case[1] and further orders regarding service of defendants Brown and Paul would, on the face of it, appear to be futile.  Therefore, this court will recommend defendants Brown and Paul be dismissed without prejudice once the 120-day period from the service order has passed, that is on or after September 29, 2011, under Fed. R. Civ. P. 4(m), if plaintiff is unable to show good cause, on or before September 25, 2011, why further efforts to serve them at this point would not be fruitless.  Johnson v. Meltzer, 134 F.3d 1393, 1396 (9th Cir. 1998) (Fed. Rule Civ. P. 4(m) provides that a defendant, unserved after 120 days, shall be dismissed by the district court without prejudice).

Accordingly, IT IS HEREBY ORDERED that plaintiff must, by September 25, 2011, show good cause why defendants Brown and Paul, upon whom this court has twice unsuccessfully directed service of process, should not be dismissed without prejudice from this action, pursuant to Fed. R. Civ. P. 4(m), failing which, this court upon expiration of the 120-day

////

////

---

[1] See, e.g., the June 1, 2011, order (p. 1) noting plaintiff had belatedly filed the requisite papers for service of process.

period set forth under Rule 4(m), will recommend dismissal of these defendants.

DATED: September 9, 2011

                                        /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

GGH:009
beny2602.osc