IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

        Plaintiff,                    No. CIV S-09-2602 LKK GGH P

    vs.

MENDOZA, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        By order filed on June 1, 2011, the court directed the United States Marshal to serve the amended complaint on defendants. Process directed to defendant M. Northerner was returned unserved as "unable to forward, moved." The court on September 12, 2011, then ordered plaintiff to seek additional information promptly to serve this defendant through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff and was informed that if access to the required information were denied or unreasonably delayed, plaintiff could seek judicial intervention. Thereafter, when plaintiff filed the required papers, by order, filed on October 14, 2011, the undersigned again ordered the U.S. Marshal to serve the amended complaint on defendant Northerner. On December 12, 2011,

1

1  Process directed to this defendant Northerner was again returned unserved because "unable to
2  forward." However, while the initial unexecuted waiver had a notation dated 6-27-11, indicating
3  that defendant Northerner, per California Medical Facility - Vacaville (CMF), was no longer a
4  CDCR employee, the later returned unexecuted waiver showed it had been mailed on October
5  20, 2011, and in a notation dated 11-30-11 that CMF had terminated defendant Northerner, had
6  nevertheless accepted service and attempted to mail the process receipt and return documents,
7  including the amended complaint to his last known address and that it was returned two to three
8  weeks later with the "unable to forward" notation. See Docket # 53 & # 86. A later notation
9  dated 12-12-11 notes that per the CDCR locator, this defendant is listed as located at CMF.

10         With regard to defendants Brown, Paul and Hurtado, this court observed in an
11  order filed on July 12, 2011, that following the June 1, 2001, order directing service of the
12  amended complaint on all defendants, process on these three defendants had been returned
13  unserved. The court directed plaintiff to provide additional information by the methods set forth
14  above, after which plaintiff returned the required documents, and the court, by order filed on July
15  27, 2011, once again directed service upon these defendants. After process was again returned
16  unserved as to two of these defendants, Brown and Paul, on August 5, 2011, because neither
17  apparently was a known CMF employee, the court by order, filed on September 12, 2011,
18  ordered plaintiff to show cause why these two defendants should not be dismissed without
19  prejudice pursuant to Fed. R. Civ. P. 4(m). By filing dated September 14, 2011, which plaintiff
20  identified as a "motion to compel U.S. Marshal's service," plaintiff sought the court's help in
21  locating these individuals after indicating that these defendants had to log in every day at CMF
22  when they entered the security housing unit where plaintiff is or was housed and should be easy
23  to locate.

24         Defendants' counsel shall query the Department of Corrections and Rehabilitation
25  to ascertain the whereabouts of defendants M. Northerner, Brown and Paul. If defendants M.
26  Northerner, Brown and Paul are still employed with the Department of Corrections or

Rehabilitation or any other California state agency, counsel shall provide the business addresses to plaintiff. If counsel is otherwise informed of the business addresses of defendants M. Northerner, Brown and Paul, counsel shall provide the addresses to plaintiff. In the event that counsel, after conducting a good faith inquiry, cannot ascertain the business addresses of defendants M. Northerner, Brown and Paul, counsel shall so inform the court. Defendants' counsel shall file and serve the appropriate response within twenty-one days of the filed date of this order. Plaintiff's motion to compel service, filed on September 14, 2011 (docket # 66), construed as request for judicial intervention or assistance for the purpose of locating the unserved defendants, is granted.

        IT IS SO ORDERED.

DATED: December 16, 2011

          /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH:009
beny2602.8es