IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

    Plaintiff,                         No.  CIV S-09-2602 LKK GGH P

    vs.

MENDOZA, et al.,

    Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

        There are a number of matters pending before the court in the instant prisoner civil rights action which will be addressed in a subsequent order/findings and recommendations. At this time the court will, however, consider plaintiff's "motion for emergency stay and preliminary injunction," filed on March 13, 2012. In that putative motion, plaintiff states that he was, on March 6, 2012, "locked up in ad seg at Pelican Bay Prison, most likely for having sent a letter to the warden and internal affairs on 3-5-12 due to threats by a Sgt. Whelsh w[h]o stated if I w[]ent out on my parole date in 3 months 6-10-12 I better not care abou[]t a Middle Eastern inmate who was taken down for no good reason and should not try to be a witness." Motion, p. 1. Plaintiff claims he was also threatened by some unnamed staff member after having filed a staff complaint when someone had threatened to "beat [his] ass." Id.  Plaintiff claims that he was placed in a cage on March 6, 2012, even though it was known that he suffers from

1

claustrophobia, after having received his "forced medications" and the plexiglass cage was taped over with paper over the top half. Id. Plaintiff states that he went "man down," after suffering chest pains as he does in tight enclosures. Id. Plaintiff was threatened with being sprayed if he did not stop yelling "man down or hitting the cage door," and was removed and placed on a gurney and was seen by an LVN who stopped checking on him saying he was "uncooperative," which plaintiff blames on the actions of the unnamed correctional officers. Id., at 1-2. Plaintiff was given a choice to go back to the cage and to receive an EKG or to return to his cell; plaintiff chose the latter, evidently due to his claustrophobia. Id., at 2. Plaintiff continues with claims against the generally unnamed staff at Pelican Bay State Prison and asks the court to order a polygraph and to have him removed from ad seg. Id., at 3.

  In the instant action, plaintiff is proceeding against defendants at California State Prison - Sacramento on an amended complaint, filed on July 23, 2010, as subsequently modified by court orders. See docket # 22, # 24, # 29. Plaintiff filed a notice of change of address to Pelican Bay State Prison, on December 27, 2011, long after this action was initiated on September 17, 2009. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S. Ct. 1562 (1969). Plaintiff, a frequent filer of motions in this case, is no stranger to litigation and is well aware of how to file a civil rights complaint if he wishes to proceed against any personnel at his present place of incarceration.

  Accordingly, IT IS RECOMMENDED that plaintiff's "motion for emergency stay and preliminary injunction," filed on March 13, 2012 (docket # 100), be denied.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2012

           /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
beny2602.ord