IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

     Plaintiff,                         No. CIV S-09-2602 LKK GGH P

    vs.

MENDOZA, et al.,                   ORDER &

     Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: 1) a motion to revoke plaintiff's in forma pauperis status, filed on September 13, 2011, brought by defendants Leese, Mendoza, Fumasi, Ramirez and Baumgarner, to which plaintiff filed his opposition on November 22, 2011, after which defendants filed a reply on December 13, 2011; 2) a motion to dismiss brought by defendants Leese, Mendoza, Fumasi, Ramirez and Baumgarner, also filed on September 13, 2011, to which plaintiff filed his opposition on November 22, 2011, following which defendants filed a reply on December 13, 2011[1]; 3) plaintiff's motion to appoint counsel, filed on September

---

[1] Plaintiff was granted a generous extension of time to file his opposition to both of defendants' motions, see, Order at docket # 69, and defendants were granted an extension of time to file a reply to plaintiff's oppositions, respectively. See, Order at docket # 84.

1

30, 2011; 4) plaintiff's "motion to halt cases," filed on October 6, 2011; 5) plaintiff's motion to stay, filed on October 12, 2011; 6) plaintiff's "motion compelling court to answer motion for default filed on 8-2-11," filed on November 1, 2011, which is summarily denied as the court can locate no such motion; 7) plaintiff's motion for default judgment, filed on November 1, 2011; 8) plaintiff's "motion seeking judg[]ment to motion for default," filed on November 30, 2011; 9) plaintiff's "second motion demanding judgment to motion for default," filed on December 13, 2011; 10) plaintiff's motion for default judgment, filed on April 6, 2012.

Renewed Motion for Appointment of Counsel

Plaintiff has again requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances.[2] Plaintiff's motion for the appointment of counsel will therefore be denied.

Motion to Revoke IFP

*"Three Strikes" Contention*

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

---

[2] As the court has previously observed in this case, one of the difficult aspects of "litigation by paper" consists of the court making judgments on allegations which at first blush appear histrionic. Plaintiff's latest request for counsel appears to fall into that category. Nevertheless, the undersigned must be careful lest a histrionic plaintiff has no access to the courts for serious and real violations of constitutional rights. Having reviewed the entire file, including the order which lists plaintiffs multitudinous civil actions, the undersigned makes the judgment that plaintiff's allegations here are hyperbole. See Order, filed on March 17, 2011 (docket # 37), p. 1, n. 1.

2

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir.2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions ... dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120, quoting § 1915(g).

Actions filed and/or dismissed prior to the enactment of the Prison Litigation Reform Act on April 26, 1996, are to be evaluated to determine whether they qualify as strikes: "the plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the PLRA to determine when a prisoner has used his three strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181, citing Tierney v. Kupers, 128 F.3d 1310, 1311-1312 (9th Cir.

\\\\\

\\\\\

1997).³ The Ninth Circuit has recently determined that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011); id. at 1099, quoting Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996) (§ 1915(g) dismissals "'include only those for which appeal has been exhausted or waived.'").

> This means that a dismissal ripens into a "strike" for § 1915(g) purposes on "the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir.2011); FN6
>
> FN6. If a prisoner does not appeal a dismissal, the dismissal counts as a "strike" from the date when his time to file a direct appeal expired. *See Hafed*, 635 F.3d at 1175.

Silva v. Di Vittorio, 658 F.3d at 1100.

However, while an affirmance of a district court dismissal constitutes only a single strike and a reversal on appeal nullifies a strike, dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was frivolous counts as a separate strike. Adepegba v. Hammons, 103 F.3d at 387-88. That is, when the appeal is frivolous on a separate ground or when the appeal of a district court dismissal as frivolous is, itself, frivolous, then the appeal dismissal is also a strike. Id. at 388. See also Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Moran v. Sondalle, 218 F.3d 647, 651-52 (7th Cir. 2000) (both noting that frivolous appeals count as a strike). Dismissals as frivolous, malicious, or for failure to state a claim with or without prejudice may count as strikes. O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008).

\\\\\

---

³ "Ultimately, we held that § 1915(g) does not raise any retroactivity concerns, because it does not affect a substantive right but merely limits a prisoner's ability to proceed IFP. In light of Tierney, we reject Rodriguez's claim and hold that § 1915(g) does not violate the Constitution by looking at cases dismissed prior to enactment of the PLRA to determine when a prisoner has had three or more cases dismissed as frivolous." Rodriguez v. Cook, 169 F.3d at 1181, citing Tierney v. Kupers, 128 F.3d at 1311.

4

1    This court, sua sponte, takes judicial notice of Benyamini v. Ogebeide,

2 2:10cv0101 KJM GGH P, filed by the instant plaintiff on January 13, 2010,[4] wherein the

3 following was set forth on the motion of the defendant therein to revoke plaintiff's in forma

4 pauperis status:

> The court takes judicial notice[] of the national pro se "three strikes" database, and the cases therein cited, which a Ninth Circuit committee has directed this court to access for PLRA three-strikes screening purposes; two cases therein are listed for plaintiff: Benyamini v. Anderson, et al., 1:07-cv-01596 OWW GSA P, dismissed for failure to state a claim on May 13, 2009, [FN 5] and Benyamini v. Simpson, et al., 2:08-01552 GEB DAD P, dismissed on July 8, 2009, for failure to state a claim. [FN 6]  Defendant also requests judicial notice of Benyamini v. Kretch, et al., 2:09-cv-00170 GEB DAD P, which request is granted.  In that case, the court dismissed the complaint with leave to amend in thirty days, noting that it was "unable to determine whether the current action is frivolous or fails to state a claim for relief."  See Order, filed on January 28, 2009 (docket # 4), pp. 4, 6; see also, defendant's Exhibit H (docket # 24-3, pp. 42, 44).  Thereafter, by Order filed on August 25, 2009 in 2:09-cv-00170 GEB DAD P, the case was dismissed without prejudice, for failure to prosecute, pursuant to Local Rule 11-110 and Fed. R. Civ. P. 41(b) [FN 7], when plaintiff failed to file an amended complaint, notwithstanding having been granted at least an additional one hundred and twenty days to do so.[5]  As the basis for the third strike, defendant Baker observes that in Peralta v. Martel, 2010 WL 2629060 *5 (E.D. Cal. 2010); 2:08-cv-00530 HWG, that although a prior action had been dismissed without prejudice for failure to prosecute after plaintiff's first amended complaint had been dismissed with leave to amend, plaintiff having failed to file a further amended complaint, the district judge determined the earlier dismissal of the complaint for failure to state a claim counted as a strike under 1915(g) because the earlier court's reasoning that the first amended complaint failed to state a claim constituted "a fully sufficient condition for dismissing plaintiff's complaint."  Motion, pp. 2-3; Peralta v. Martel, 2010 WL 2629060 *5, *6; Case No. 2:08-cv-00530 HWG, pp. 10-11, 13 .  On that basis, the undersigned finds that, analogously, Benyamini v. Kretch, et al., 2:09-cv-00170 GEB DAD P, constitutes a third strike for the instant plaintiff, pursuant

---

[4] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[5] See Orders at docket # 8, #12 and # 16 in Benyamini v. Kretch, et al., 2:09-cv-00170 GEB DAD P; see also defendant's Exhibits I and J.

to 28 U.S.C. § 1915(g).

> FN 5 This case was dismissed with prejudice. Plaintiff's original complaint had been dismissed "for failure to state any claims upon which relief may be granted"; he had been granted multiple extensions of time to amend, cautioned that failure to file an amended complaint would result in a dismissal with prejudice, and did not file an amended complaint. See docket # 24 of Case No. 1:07-cv-01596-OWW GSA PC.
>
> FN 6 In this case, defendants' motion to dismiss plaintiff's case for failure to state a claim was granted; the motion remained unopposed even after plaintiff had been permitted five months to oppose it. See docket # 30 and # 34 of Case No. 2:08-01552 GEB DAD P.
>
> FN 7 Fed. R. Civ. P. 41(b) permits involuntary dismissal for plaintiff's failure to prosecute, to comply with the Federal Rules of Civil Procedure or with a court order. L. R. 11-110 (now, L.R. 110) permits the imposition "of any and all sanctions authorized by statute or Rule or within the inherent power of the Court" for the failure of counsel or a party to comply with the Local Rules on any court order.

Excerpted from Findings and Recommendations, filed on May 23, 2011, in plaintiff's Case No. 2:10cv0101 KJM GGH P, pp. 4-5; the Order adopting these F&Rs, revoking plaintiff's in forma pauperis status and requiring payment of the filing fee in full within 28 days, absent which plaintiff would face dismissal, was filed on September 7, 2011. By Order, filed on March 11, 2012, Case No. 2:10cv0101 KJM GGH P was dismissed, noting plaintiff's failure to have paid the filing fee in accordance with the district judge's order,[6] and judgment was thereon entered.

In the instant motion, defendants ask the court to take judicial notice of:

Benyamini v. Anderson, et al., Case No. 1:07cv1596 OWW GSA PC, Benyamini v. Simpson, et

---

[6] The court construed plaintiff's "objections" to the order adopting the findings and recommendations in that case as a request for reconsideration but determined there were no extraordinary circumstances that might warrant reconsideration. See Order, filed on March 11, 2012 in Case No. 2:10cv0101 KJM GGH P, p. 2.

al., Case No. 2:08cv1552 GEB DAD P, and Benyamini v. Rivers, Case No. 2:09cv0075 JAM KJM P. Motion, docket # 63-1, p. 3. As to the first two of these cases, as noted above, these cases have previously been determined to be strikes, and, indeed, a third (but different) strike has been found earlier as well. However (and notwithstanding that those same two cases have been included in the national pro se "three strikes" database as strikes), in Case No. 2:10-0101, plaintiff failed to oppose the motion, after having been granted no less than two extensions of time to do so and after having been cautioned that failure to do so would be deemed a waiver of opposition thereto. See Case No. 2:10cv0101 KJM GGH P, docket # 38, p. 1 & note 1. In this case, plaintiff did file an opposition and, while conceding that Benyamini v. Anderson, Case No. 1:07cv1596, was dismissed for failure to state a claim, plaintiff contends that the fact that the dismissal was "without prejudice" means that it cannot count as a strike. Opposition (Opp.), docket # 80, p. 3. However, as defendants point out, that is not the law of this circuit. Reply, p. 2, citing, inter alia, O'Neal v. Pierce, 531 F.3d 1146, 1154-55 (9th Cir. 2008), quoting Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999)("[A] dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.").

With respect to Benyamini v. Simpson, Case No. 2:08cv1552 GEB DAD P, plaintiff provides a copy of an order in that case, that was filed on August 5, 2008, wherein it was stated that: "[b]y order, filed July 11, 2008, the court determined that plaintiff's complaint states a cognizable claim for relief against defendants ... ." Opp., docket # 80, p. 2 and Exhibit A. However, as defendants observe in their reply, that order was later superseded and the case was ultimately dismissed for failure to state a claim by order, filed on July 8, 2009. Reply, p. 2, citing docket # 63 [Ex. C]. The dismissal order at Ex. C, adopts the Findings and Recommendations, filed on June 8, 2009 in Case No. 2:08cv1552, wherein the magistrate judge found that "plaintiff's complaint fails to state a cognizable claim for relief and should be dismissed." Case No. 2: 08-1552 GEB DAD P, docket # 30, p. 4. Defendants are correct that this dismissal

constitutes a strike.

As to whether Case No. 2:09cv0075 JAM KJM P could qualify as an additional strike, the court does not find defendants' argument persuasive. In an order dismissing the original complaint in Case No. 2:09cv0075 JAM KJM P, filed on April 28, 2009, the court therein found that plaintiff's allegations were too vague and conclusory to state a claim upon which relief could be granted, but plaintiff was granted leave to amend. When the magistrate judge recommended dismissal without prejudice upon plaintiff's failure to amend, plaintiff objected and was granted an additional thirty days to file an amended complaint by order filed on August 13, 2009. See docket # 16 in Case No. 2:09cv0075 JAM KJM P. When plaintiff thereafter asked for appointment of counsel or dismissal without prejudice, the district judge denied appointment of counsel "because the facts identified by plaintiff in his original complaint fail to state a claim upon which relief can be granted and it is doubtful that plaintiff could state a claim with additional facts or clarification." Id., docket # 19. The court nevertheless dismissed the case without prejudice, pursuant to Fed. R. Civ. P. 41(a), by Order, filed on Nov. 25, 2009, and judgment thereon was entered. Id., docket # 19 & docket # 20. Notwithstanding defendants' argument, this court does not find this dismissal to qualify as a strike because it was expressly dismissed under Rule 41(a), i.e., it was a voluntary dismissal by plaintiff and not a straightforward dismissal for failure to state a claim.

Nevertheless, due to the three-strike findings in Benyamini v. Ogebeide, 2:10cv0101 KJM GGH P and dismissal of that case for plaintiff's failure to pay the filing fee in full when ordered, the court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[7] To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d

---

[7] In Case No. 10cv-0101, the court did not find plaintiff's allegations qualified for the "imminent danger of serious physical injury" (§ 1915(g)) exception.

8

1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' under § 1915(g))"; id., at 1055 (exception applies if allegation of "imminent danger" within the complaint is "plausible") ; see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998).

Defendants do not provide authority for their implicit contention that plaintiff must have shown imminent danger of serious injury at the time of filing his *amended* complaint because they state that plaintiff did not make such a showing at the time of filing the amended complaint. Docket # 63-1, p. 3. Instead, the court must review the *original* complaint to determine whether or not at the outset or initiation of this action, plaintiff could qualify under the "imminent danger" exception. In screening the original complaint, while dismissing plaintiff's other claims as "more tenuous" (with leave to amend), the undersigned stated, inter alia, the following:

> The complaint states a colorable claim for relief against defendants Mendoza, Brown, Baumberger, Paul, Leese, Formasi, Northener, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), to the extent that he claims these individuals violated his Eighth Amendment rights by refusing his requests to be allowed to clean himself and finish decontaminating himself after having been sprayed with o.c. spray by denying him access to a shower for eight or more days, during the period of time from May 4, 2005, until May 14, 2005.

See Order, filed on March 2, 2010 (docket # 8), p. 3.

In his opposition to the motion, plaintiff makes no representation that either at the time of initiating this action he was under "imminent danger of serious physical injury" nor does he claim that any of his allegations so stated and the court's review confirms that plaintiff does not make such allegations, nor can such be inferred from the claims. Therefore, the court finds that plaintiff is not entitled to proceed in this action in forma pauperis and that his in forma

pauperis status should be revoked.

Because this court has found that plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g) from proceeding in this case in forma pauperis, the court will not adjudicate the remaining motions and requests in this action (with two exceptions), until such time as the district judge has determined whether these findings and recommendations should be adopted. If they are adopted, plaintiff will be required to pay the filing fee in full before this case proceeds.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion, filed on September 30, 2011 (docket # 72), for appointment of counsel is denied;

2. Plaintiff's "motion compelling court to answer motion for default filed on 8-2-11," filed on November 1, 2011 (docket # 77), is summarily denied as the court can locate no such underlying motion; and

3. Plaintiff's motions filed on October 6, 2011 (docket # 73), on October 12, 2011 (docket # 74), on November 1, 2011 (docket # 78), on November 30, 2011 (docket # 83), on December 13, 2011 (docket # 90), on April 6, 2012 (docket # 104) and defendants' motion to dismiss, filed on September 13, 2011 (docket # 64), are all VACATED without prejudice to being re-noticed once the pending motion to revoke plaintiff's in forma pauperis status has been resolved and, if plaintiff's in forma pauperis status is ultimately revoked as this court recommends, VACATED until after plaintiff has paid the filing fee in full; and

IT IS HEREBY RECOMMENDED that the motion to revoke plaintiff's in forma pauperis status, filed on September 13, 2011 (docket # 63), brought by defendants Leese, Mendoza, Fumasi, Ramirez and Baumgarner be granted and plaintiff be granted twenty-eight days upon adoption, should that occur, of these findings and recommendations to pay the filing fee in full, failing which, IT IS RECOMMENDED that the case be ordered dismissed.

\\\\\

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 18, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
beny2602.mtns